# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 13 |
| CHARLES R. CHARTRAND, | |
|       Debtor(s). | Case No. 14-31435 |
| | |
| CHARLES R. CHARTRAND, | |
|       Plaintiff(s), | |
| | Adversary No. 14-3096 |
|   v. | |
| | |
| BANK OF AMERICA, N.A., | |
|       Defendant(s). | |

## OPINION

Plaintiff/debtor Charles R. Chartrand (plaintiff or debtor) filed a complaint for injunctive relief against defendant Bank of America, N.A. (defendant), asking the Court to: (1) enjoin the defendant from "taking any further action against the [d]ebtor during the pendency of this [c]ase;" (2) find that the automatic stay protecting property of the estate has not expired and, therefore, deny the defendant's motion to confirm termination of the automatic stay; and (3) allow the debtor to complete his Chapter 13 Plan as filed. Plaintiff relies on 11 U.S.C. § 105(a) as the source of the Court's authority to grant such relief. Defendant has moved for dismissal of the complaint pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim upon which relief can be granted because: (1) plaintiff is a repeat bankruptcy filer and fails to overcome the presumption that he filed this case in bad faith only to further delay foreclosure; and (2) plaintiff can offer no facts to show that he has a reasonable likelihood of success on the merits.

The relevant facts are as follows: The defendant holds a mortgage on the debtor's residence and had begun foreclosure proceedings against the residence before the debtor first sought

---

[1] Fed. R. Civ. P. 12(b)(6) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

bankruptcy relief.  The debtor filed a chapter 13 bankruptcy case (BK 13-30388) on March 12, 2013.  That case was dismissed on May 29, 2014, due to the debtor's failure to make the plan payments.  On August 26, 2014, the debtor, *pro se,* filed the instant chapter 13 bankruptcy case but, despite the dismissal of his prior case within the preceding year, did not file a motion to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).[2]  As a result, no order extending the automatic stay was entered within the 30-day period concluding on September 25, 2014.

      This course of events prompted the defendant, on October 9, 2014, to file a motion pursuant to 11 U.S.C. § 362(j),[3] asking the Court to confirm the termination or absence of the automatic stay.  It also prompted the debtor, on November 3, 2014, to file the instant adversary proceeding seeking an injunction as described above.  At a hearing on November 18, 2014, over the debtor's objection, the Court confirmed that the automatic stay had terminated by operation of law following the expiration of the September 25, 2014 deadline.  The debtor did not appeal the Court's November 18, 2014 ruling.  The defendant filed its motion to dismiss the complaint for injunctive relief on December 23, 2014.  The Court conducted a hearing on January 22, 2015, on the defendant's motion to dismiss the complaint at which the defendant appeared by counsel and the plaintiff and the chapter 13 trustee appeared *pro se.*

---

[2] The relevant provisions of 11 U.S.C. § 362(c)(3) state:

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
  (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
  (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . .

[3] This section provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated."  11 U.S.C. § 362(j).

2

The plaintiff relies on § 105(a) of the Bankruptcy Code as the source of the Court's authority to grant the relief sought in the complaint. This section provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Despite the seeming breadth of this provision, in the recent case of *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, 1194-95 (2014), the Supreme Court of the United States has restated the boundaries within which the Bankruptcy Courts must operate. There, in speaking of the equitable authority granted under 11 U.S.C. § 105(a), the Supreme Court said:

> A bankruptcy court has statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code. 11 U.S.C. § 105(a). And it may also possess 'inherent power . . . to sanction 'abusive litigation practices.'' But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.
>
> It is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.' 2 *Collier on Bankruptcy* ¶ 105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. . . . We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code.

134 S. Ct. at 1194-95 (citations and footnote omitted).

In the instant case, the Court is not free to disregard provisions under § 362 that control the existence or absence of the automatic stay. Yet, the plaintiff's complaint asks the Court to do just that. Here, the automatic stay terminated by operation of law at the conclusion of the 30-day period on September 25, 2014, because the debtor failed to take timely action to prevent such a result. The

3

Court confirmed the termination of the automatic stay at the November 18, 2014 hearing. The debtor did not file a timely appeal of that ruling. Section 105(a) does not allow the Court to enjoin the defendant from taking any acts that it is permitted to pursue in the absence of the automatic stay.[4]

For the reasons stated, the Court finds that the complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

SEE ORDER ENTERED THIS DATE.

ENTERED: January 22, 2015

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE

---

[4] As to the debtor's request that the Court allow him to complete his plan as filed, the Court may not circumvent the confirmation process set forth in 11 U.S.C. § 1325.